# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| **BEVERLY JOHNS,** ) | |
| ) | **Case No.: 4:21-cv-101** |
| **Plaintiff,** ) | |
| **vs.** ) | |
| ) | |
| **STEVEN STRICKLAND; and** ) | |
| **AUTOZONE STORES, LLC, d/b/a** ) | |
| **"AUTOZONE # 158",** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

COMES NOW, Plaintiff Beverly Johns and files this her Complaint for damages against Defendants Steven Strickland, and AutoZone Stores, LLC, d/b/a "Autozone # 158", alleging as follows:

### I. PARTIES, JURISDICTION and VENUE

1.

Plaintiff Beverly Johns (hereinafter referred to as APlaintiff@) is a citizen of, and/or otherwise domiciled in Russell County, Alabama.

2.

Defendant Steven Strickland (hereinafter referred to as ADefendant@) is a citizen of and/or otherwise domiciled in the state of Georgia and is subject to the

1

jurisdiction of this court. Defendant may be served with legal process at 950 32nd Street, Columbus, Georgia, or wherever he may be found.

3.

Defendant AutoZone Stores, LLC, d/b/a "AutoZone # 158" (hereinafter referred to as "AutoZone") is a foreign corporation organized under the laws of the state of Nevada doing business in the state of Georgia. Defendant AutoZone may be served with legal process via its registered agent C T Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046.

4.

The claims asserted by Plaintiff against Defendants in this civil action arose out of an automobile collision that occurred on June 28, 2019 in Columbus, Muscogee County, Georgia. This Court has personal jurisdiction over all Defendants.

5.

As is more fully set forth below, the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs.

6.

There being diversity of citizenship between Plaintiff and all Defendants, and because the amount in controversy in this action exceeds the sum of $75,000.00,

exclusive of interest and costs, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

7.

Venue is proper, pursuant to 28 U.S.C. § 1391(b)(2) as the Middle District of Georgia (Columbus, Georgia) is where the events giving rise to this action occurred.

8.

This Division is proper pursuant to Local Rule 3.4 as the automobile wreck giving rise to this action occurred in Columbus, Muscogee County, Georgia, or within the Columbus Division of the Middle District of Georgia.

## II.   OPERATIVE FACTS

9.

At all times mentioned herein, Defendant Strickland was an agent and/or employee of Defendant AutoZone, acting within the course and scope of said employment.

10.

At all times mentioned herein, Defendant Strickland was operating a motor vehicle owned and/or operated by Defendant AutoZone with Defendant AutoZone's permission.

11.

On or about June 28, 2019, Defendant Strickland was traveling west on Talbotton Road near its intersection with Veterans Parkway in Columbus, Muscogee County, Georgia.

12.

At the same time and place, Plaintiff was directly in front of Defendant Strickland and also traveling west on Talbotton Road near its intersection with Veterans Parkway in Columbus, Muscogee County, Georgia.

13.

Defendant Strickland was operating his vehicle without due care or concern for the safety of others when he carelessly and negligently failed to keep a proper lookout for traffic conditions in front of him, and/or followed Plaintiff too closely thereby causing a collision between his and Plaintiff's vehicles.

14.

Defendant Strickland was shown at fault for the wreck on the Georgia Uniform Motor Vehicle Accident Report completed by Officer Bobby Jackson of the Columbus Police Department, who was stopped at the traffic light in the east-bound lane of the intersection, and witnessed the collision.

15.

As a result of the impact of the collision caused by the Defendant, Plaintiff suffered severe and painful injuries to her body which required medical attention.

### III. LIABILITY OF THE DEFENDANT

16.

Defendant Strickland is liable for the following tortious acts and omissions which include, but are not necessarily limited to, the following:

1. Tortiously failing to properly operate the vehicle he was driving as set forth above in Columbus, Muscogee County, Georgia; and

2. Violating pertinent rules of the road with such violations amounting to negligence per se. The pertinent violations include, but are not limited to, Failing to Keep Proper Lookout, Following Too Close, etc.

17.

Defendant AutoZone is liable for the following tortious acts and omissions which include, but are not necessarily limited to, the following:

    a. Under the doctrine of *respondeat superior* for the tortious acts and omissions of their agents and employees, including Defendant Strickland, as set forth herein; and

  b. Tortiously failing to properly instruct, train, and supervise its employees or agents, and the driver it placed in its vehicle to drive upon the public highways; and

  c. Tortiously entrusting Defendant Strickland as a driver when said driver was reckless and incompetent, or, alternatively, negligently relying on agents or employees of all Defendant(s).

## IV. DAMAGES CLAIMED

18.

The damages claimed by the Plaintiff were proximately caused by the tortious acts and omissions of all Defendants.

19.

The acts of all Defendants were willful and wanton, and showed such callous indifference to the rights of others that punitive damages should be imposed in an amount to be determined by a jury.

20.

Plaintiff claims damages as follows:

1. Compensatory damages for all components of the physical pain and suffering endured by the Plaintiff upon impact and through the present, and into the

future.

2.     Special damages for medical expenses, past, present and future. Specifically, Plaintiff seeks at least $21,486.68 for past medical expenses, and seeks compensation for all future medical expenses Plaintiff may incur and/or medical expenses for which Plaintiff has yet to receive billing for, including, but not limited to, $91,531.93 for an L4-5 Decompression Fusion/Posterior Lumbar Interbody Fusion; and $33,707.40 for a Left Shoulder Scope with SAD/EDC, Bicep Tenotomy and SDP Tenodesis.

3.     Punitive Damages in an amount sufficient to deter Defendant from such willful and wanton tortious conduct in the future.

## V.     PRAYER FOR RELIEF

21.

**WHEREFORE**, PLAINTIFF prays for judgment against Defendants as follows:

1.     That Summons be issued requiring Defendants to appear as provided by law to answer this Complaint;

2.     That Plaintiff have a trial by jury;

3.     That Plaintiff recover damages for her mental and physical suffering, special damages for her medical expenses (past, present and future), all as permitted under applicable law;

4. Plaintiff claims punitive damages against Defendants in an amount to be determined by the enlightened conscious of the jury;

5. For reasonable attorneys= fees and costs should Defendant be stubbornly litigious;

6. For such other and further relief as is allowed by law and as the Court may deem just and proper.

DATED this 21st day of June, 2021.

**PHILIPS BRANCH & HODGES**

*/s/ Brian M. Worstell*
Ben B. Philips
Georgia Bar No.: 575550
Brian M. Worstell
Georgia Bar No.:553750

P.O. Box 2808
Columbus, GA 31902                *Attorneys for Plaintiff*
706-323-6461